**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LUKE BENNETT o.b.o. I.B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-1261-CM |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Luke Bennett, on behalf of his son, minor child I.B., claims that I.B. became disabled in 2006 based on attention deficit hyperactivity disorder, depression, anxiety, post-traumatic stress disorder, and asthma. Plaintiff applied for supplemental security income for his son. The Commissioner of Social Security denied the request, and this court now reviews the decision of the Administrative Law Judge ("ALJ"). Plaintiff claims that the ALJ failed to properly consider and weigh the opinions of I.B.'s teachers in reaching the conclusion that I.B. did not have a marked limitation in acquiring and using information. If the ALJ properly considered and weighed the evidence, then the ALJ's decision must stand. If not, then the court must remand the case for further consideration.

To be disabled, a child under the age of eighteen must suffer from a "medically determinable physical or mental impairment" that "results in marked and severe functional limitations" and is expected to last the required amount of time. 42 U.S.C. § 1382c(a)(3)(C)(i). When evaluating whether a child is disabled, the ALJ considers (1) whether the child is working; (2) whether the child has a medically determinable "severe" impairment or combination of impairments; and (3) whether the

child's impairment "meets, medically equals, or functionally equals" the severity of an impairment in the listings. 20 C.F.R. § 416.924. The first two steps are not at issue here. At the third step of the evaluation, adjudicators evaluate a child's functional limitations in the following six domains: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for herself; and (vi) Health and physical well-being." *Id.* § 416.926a(b)(1)(i-vi). The child must have "marked" limitations in two of the six domains to functionally equal a listed impairment. *Id.* § 416.926a(d). A "marked" limitation is a limitation that is "more than moderate" but "less than extreme," or equivalent to "standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* § 416.926a(e)(2)(i).

The ALJ found that I.B. had a marked limitation in caring for himself, but not in any other area. Plaintiff contends that the ALJ failed to fully explain his reasoning for determining that I.B. did not have a marked limitation with acquiring and using information. Specifically, plaintiff claims that the ALJ did not assign weight to the opinions of I.B.'s teachers about his ability to acquire and use information. Social Security regulations state that the ALJ should assign weight to the opinions of "other sources," including teachers. *See id.* § 416.913(d); SSR 09-2p, 2009 WL 396032, at *4 (Feb. 18, 2009); *see also* SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). But the Social Security Administration has further clarified that if the ALJ does not explain the weight given to "other sources," then he should "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6.

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards?

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  The court's review is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own.  *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).

There are three different time frames in the record that include opinions from medical or other sources: August through September 2011; February through April 2012; and February 2013.  Over the August 2011 through February 2013 time span, the opinions show a positive progression in I.B.'s development.  Highly summarized, the record indicates the following timeline:

- August – September 2011:  State agency doctors opined that I.B. had marked limitations in acquiring and using information and in caring for himself.  One of his third grade teachers—Ashley Murray—indicated that I.B. had obvious problems with nine out of ten areas of acquiring and using information.

- August – March 2012: I.B. participated in therapy and began medication.

- February – April 2012:  Different state agency doctors opined that I.B. only had marked limitations in caring for himself.  One of I.B.'s teachers—Jennifer Jackson—indicated that I.B. had an obvious problem with only one activity (out of ten activities) under the category of acquiring and using information.  He had a slight problem with two activities and no problem with any of the others.

- February 2013: I.B.'s fourth grade homeroom teacher found that I.B. had less than marked limitations in acquiring and using information.

The ALJ noted I.B.'s progression and accordingly gave the later opinions more weight because they were based on observations after treatment and medication.  The ALJ discussed the teachers' questionnaires and noted the improvement.  The ALJ did not specifically identify the weight he gave

-3-

the opinions of the teachers, but the context of the discussion shows his reasoning.  *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal.").  The ALJ discussed I.B.'s improvement between the evaluations, observing that both the therapy notes and the state agency medical reports reflected this improvement.  The court finds no error with the ALJ's application of the law.

Further, the decision is supported by substantial evidence in the record.  The record fully supports a finding that I.B. lacked marked limitations in acquiring and using information.  In August 2011, one teacher found that I.B. had some "obvious" problems in this area but, significantly, the teacher did not find evidence of "serious" or "very serious" problems.  And in February 2012, I.B.'s teacher identified only one area of acquiring and using information in which I.B. had an "obvious" problem.  She found that he had "slight problems" with two areas, and "no problem" with the remaining seven areas.  This is consistent with the medical evidence and the findings of the state agency doctors in April 2012.  The ALJ properly reviewed and weighed the evidence, and the Commissioner's decision is affirmed.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is affirmed.

Dated this 22nd day of June, 2015 at Kansas City, Kansas.

                                          s/ Carlos Murguia
                                          **CARLOS MURGUIA**
                                          **United States District Judge**